UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAQUIESHA BRYANT and
JEREMI WITCHERD, SR.,

    Plaintiffs,

v.                                                                             Case No. 8:20-cv-02478-WFJ-AEP

ANDREW CRIPPEN, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    Plaintiffs, proceeding *pro se*, filed an Amended Complaint (Doc. 10) seeking to assert claims under 42 U.S.C. § 1983 against eight defendants (collectively, the "Defendants"). Currently before the Court are Plaintiffs respective Motions to Proceed In Forma Pauperis (Docs. 11,12). Previously, Plaintiffs filed their initial Complaint (Doc. 1) and initial Motions to Proceed In Forma Pauperis (Docs. 2,3). These Motions to Proceed In Forma Pauperis (Docs. 2,3) were denied without prejudice because Plaintiffs failed to articulate detailed facts that would entitle them to relief (Doc. 8). The undersigned also outlined the jurisdictional concerns that potentially precluded Plaintiffs Complaint (Doc. 8). As discussed more below, Plaintiffs' Amended Complaint (Doc. 10) fails to cure these deficiencies.

    Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in*

*forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Here, the Amended Complaint lacks this information. The Amended Complaint does not contain sufficient factual allegations to provide the Court with enough information to determine whether the Court has jurisdiction over this matter or whether Plaintiffs can state a viable claim.

Plaintiffs' Amended Complaint contains significantly less detail than the original Complaint. Plaintiffs state that "[t]he issue in this case is that our 4th and 14th [A]mendment rights as well as the rights of our children are being violated and have been violated since [M]ay 25th, 2018 and well beforehand" (Doc. 10). Plaintiffs then state that they are entitled to damages stemming from a list of grievances, including lost jobs, loss of their home, violations of their civil rights, a heart attack, and their children's emotional distress (Doc. 10). Despite these alleged harms, Plaintiffs don't provide factual detail to outline any violation of their constitutional rights or any other violations that could amount to a potential cause of action. Even viewing the Amended Complaint (Doc. 10) in conjunction with the original Complaint (Doc. 1), there does not appear to be any violation that would entitle Plaintiffs to relief. Plaintiffs assert claims against eight different defendants, yet Plaintiffs do not connect any facts to the particular defendants. Instead, Plaintiffs merely attach exhibits that appear to pertain to Plaintiffs' underlying state court child custody action.

Most notably, Plaintiffs appear to assert that this Court should review the state court's decision in Plaintiffs' underlying child custody proceedings. However, under the *Rooker-Feldman* doctrine, that is not an appropriate inquiry for this court to make. The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v.*

*Feldman,* 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311–15, 75 L.Ed.2d 206 (1983). The Eleventh Circuit has described the *Rooker–Feldman* doctrine as follows:

> The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted). The Eleventh Circuit has developed the following four criteria which must be satisfied for the *Rooker-Feldman* doctrine to bar federal court jurisdiction: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003). Here, based on the exhibits provided by Plaintiffs and the limited facts available, it appears that all four of these criteria are met. Therefore, this Court lacks the authority to entertain any collateral attack on the state court proceedings referenced in Plaintiffs' Complaint (Doc. 1) and Amended Complaint (Doc. 10).

In this instance, amendment would prove futile since Plaintiffs have already amended once and it does not appear that with a second amendment, Plaintiffs could state a valid federal claim for relief that is plausible on its face and would not

be barred by the *Rooker-Feldman* doctrine. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been an undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."). Accordingly, it is hereby

RECOMMENDED:

1. Plaintiffs' Motions to Proceed in District Court without Prepaying Fees or Costs (Docs. 11,12) be denied.

2. Plaintiffs' Amended Complaint (Doc. 10) be dismissed.

DONE AND ORDERED in Tampa, Florida, on this 12th day of May, 2021.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Hon. William F. Jung
      Plaintiffs, *pro se*

5

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C).  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:    Hon. William F. Jung
       Plaintiffs, *pro se*